Filed 9/24/20  Taylor v. Vaid CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RICKY L. TAYLOR,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANUJ VAID, M.D.<br><br>    Defendant and Respondent. | H046525<br>(Monterey County<br>Super. Ct. No. 17CV003365) |

Appellant Ricky L. Taylor sued respondent Anuj Vaid, M.D. for medical malpractice for treatment Taylor received while in prison.  After the trial court sustained a demurrer without leave to amend and entered a judgment of dismissal, Taylor appealed.  The parties agree that the demurrer should not have been sustained and jointly move for a stipulated reversal of the judgment.  We grant the motion and reverse the judgment pursuant to the stipulation of the parties.

### I. PROCEDURAL BACKGROUND

On April 6, 2018 the trial court sustained Vaid's demurrer without leave to amend, and on September 12, 2018, entered a judgment of dismissal.  After the record was filed, and Taylor filed his opening brief, but before the respondent filed his brief, the parties filed a joint application for stipulated reversal.  According to the joint motion, the trial court sustained the demurrer because Taylor failed to allege compliance with the Government Torts Claims Act.  The parties agree that the record contains a version of Taylor's complaint that includes an allegation of claims compliance.  Paragraph 9(a) on

page two of the Judicial Council form complaint, which alleges compliance with claims statutes, is checked. The parties further agree that the version of the complaint served on Vaid was missing page two and lacked any allegation of claims compliance.

## II. DISCUSSION

On appeal Taylor contends that the trial court erred in sustaining the demurrer because the trial court failed to specify the grounds for sustaining the demurrer and because he had been relieved from the claims presentation requirement.

The reason that the parties seek a summary reversal, as outlined in the joint application, is that if appeal were prosecuted to completion it would result in a reversal and remand, and that granting summary reversal is in the interest of justice. Summary reversal of the judgment, they contend will save both private and judicial resources because it will obviate the need for further briefing by the parties and review of the record by this court.

The parties' joint application supports the conclusion that a summary reversal pursuant to stipulation is appropriate under the facts of this case and the law. (See Code Civ. Proc., § 128, subd. (a)(8).) For the reasons stated in the motion, the court finds that there is no possibility that the interests of nonparties or the public will be adversely affected by the reversal. The dispute here does not implicate third parties or the public directly. Further, the public interest is served by a speedy resolution of this appeal from an order and judgment entered based on the trial court's review of an incomplete pleading.

This court further finds that the parties' grounds for requesting reversal are reasonable. The parties agree that page two of Taylor's complaint alleges compliance with claims statutes. Returning the matter to the trial court to proceed with litigation is preferable to prolonging it with an appeal from a dismissal based on a mistaken representation of the pleadings. These grounds outweigh the erosion of public trust that may result from the nullification of a judgment and outweigh the risk that the availability

2

of a stipulated reversal will reduce the incentive for pretrial settlement. The public trust in the courts is enhanced, not eroded, when parties agree to resolve their pretrial disputes without further litigation, resorting to the courts only for the resolution of the merits of a case. (See *Union Bank of Cal. v. Braille Inst. of Am.* (2001) 92 Cal.App.4th 1324.)

### III.  DISPOSITION

The judgment is reversed pursuant to the stipulation of the parties. The matter is remanded to the trial court with directions to vacate the order sustaining demurrer. Each party shall bear its own attorney fees and costs on appeal. The remittitur shall issue forthwith.

_____
Greenwood, P.J.

WE CONCUR:

_____
  Grover, J.

_____
  Danner, J.

Taylor v. Vaid
No. H046525